# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 18-0079 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| MARLON G. GLADNEY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed by Defendant Marlon G. Gladney ("Gladney"). Record Document 91. Gladney argues that his asthma, which makes him susceptible to COVID-19 complications, disparately long sentence, and rehabilitation constitute extraordinary and compelling circumstances justifying a reduction of sentence. The Government opposes Gladney's motion and contends he is not entitled to any relief. Record Document 93. For the following reasons, Gladney's motion [Record Document 91] is **DENIED**.

## Background

The United States Court of Appeals for the Fifth Circuit summarized the facts underlying Gladney's conviction as follows:

> On October 27, 2017, Louisiana State Police Trooper Matthew Titus pulled over a car Gladney was driving. During the stop, Titus searched the car and found a handgun, which Gladney admitted he did not lawfully possess. During a post-arrest interview, Gladney confessed to DEA agents that he distributed methamphetamine in the Shreveport, Louisiana area. Subsequent investigation led to a two-count indictment of Gladney—one count for conspiracy to possess with intent to distribute methamphetamine and one count for possession of a firearm by a convicted felon.

Record Document 89 at 4.

On October 25, 2018, Gladney pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Record Document 50. The plea was accepted by this Court. Record Documents 51 & 53. Soon thereafter, Gladney moved to withdraw his guilty plea. Record Document 66. After an evidentiary hearing, the Court denied his motion. Record Documents 74 & 75. Gladney was sentenced to a total of 270 months imprisonment and five years of supervised release. Record Document 78. Gladney appealed based in part on the denial of the motion to withdraw his guilty plea and his imposed sentence. The Fifth Circuit affirmed his conviction and sentence. Record Document 89.

In the instant motion, Gladney contends he is eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on three things: (1) his asthma, which makes him susceptible to complications from COVID-19; (2) the disparity between his sentence and those of other drug offenders; and (3) his rehabilitation. Record Document 91 at 16-20. In support of his claim regarding his medical condition, Gladney submits documentation from the Bureau of Prisons that states: "CV At-Risk Medically At-Risk for CV-19." Record Document 91-1 at 3. He also submits a letter from the Federal Public and Community Defenders to members of Congress regarding the Department of Justice and Bureau of Prison's failure to "develop[] a coherent strategy to protect those in their care or employ" or to make use of the CARES Act. *Id.* at 7-18. In support of his claim regarding the disparity between his sentence and those of other drug offenders, he lists the sentences imposed on other drug offenders by other courts. Record Document 91 at 19-

20. Finally, in support of his claim regarding his rehabilitation, Gladney submits documentation that he has received his GED, as well as photos of visits with his family. *Id.* at 5, 20. Gladney is currently housed at USP Terre Haute with a projected release date of September 23, 2036.

## Law & Analysis

### I.   Exhaustion of Remedies

Historically, only the Director of the Bureau of Prisons ("BOP") could file a motion to reduce an inmate's sentence. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5193, 5239. After the First Step Act of 2018, however, a court may consider compassionate release motions directly from prisoners. 18 U.S.C. § 3852(c)(1)(A). But before a prisoner pursues compassionate release through a district court, he must first exhaust all administrative remedies or wait for a lapse of thirty days from the time he files his request with the warden. *Id.*

The administrative exhaustion provision of 18 U.S.C. § 3852(c)(1)(A) is set out in mandatory terms: The district court can only modify a sentence after the defendant has exhausted administrative remedies. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). This mandatory language includes no exceptions, equitable or otherwise. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 361 (5th Cir. 2022) (citing *Ross v. Blake*, 578 U.S. 632, 639 (2016)) ("Mandatory exhaustion regimes brook no exceptions."); *see also United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). Therefore, this Court may only

consider Gladney's motion if he has satisfied the aforementioned exhaustion requirements.

Accompanying Gladney's motion is a letter to the warden dated July 25, 2020. In the letter, Gladney writes:

> I'm writing with concerns of getting release under the compassionate release act. I have an asthma condition. I understand that you can't grant me relief, .. all I'm asking of you is to screen me for possible relief. This is a very serious pandemic we're facing, and I would like to be placed in home confinement to better protect myself from the spread of COVID-19.

Record Document 91-1 at 22. Gladney submits that he did not receive a response to this letter. Record Document 91 at 24. Several months after his letter was sent, Gladney filed his motion for compassionate release.

The Government argues Gladney did not satisfy the administrative claims processing requirement. It submits that a request for release to home confinement "is distinct from a request for a reduction in sentence and not sufficient to satisfy the requirement that Gladney exhaust his administrative remedies." Record Document 93 at 5. The Government also contends that the "BOP has no record of Gladney filing a request for compassionate release or reduction in sentence." *Id.* at 3.

Pro se prisoners' filings are "entitled to the benefit of a liberal construction." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011). While the Court takes the mandatory terms of the claims processing requirement seriously, it also notes that requirement is not jurisdictional. *Franco*, 973 F.3d at 468 ("The statute's requirement that a defendant file a request with the BOP before filing a motion in federal court is a nonjurisdictional claim-processing rule."). Gladney's letter does explicitly ask for home

4

confinement, but he also asks to be screened for "possible relief" related to the "compassionate release act." Record Document 91-1 at 22. Reading the letter in its broadest terms, the Court finds that Gladney requested compassionate release sufficient to exhaust the claims processing requirement.

## II.   Extraordinary and Compelling Circumstances

While a court generally "may not modify a term of imprisonment once it has been imposed," there are several exceptions. 18 U.S.C. § 3582(c). One exception allows a court to reduce an inmate's sentence when the inmate provides "extraordinary and compelling reasons" to justify a sentence reduction.[1] 18 U.S.C. § 3582(c)(1)(A)(i). The inmate bears the burden of showing why a reduction is justified. *See United States v. Clark*, 451 F. Supp. 3d 651, 656 (M.D. La. 2020).

To assist in determining what constitutes an extraordinary or compelling reason, the Sentencing Commission provides a blueprint that elucidates circumstances that may justify reducing a prison term. Prior to November 1, 2023, the Guidelines outlined the following four categories for district courts to consider: (1) defendant's medical condition; (2) defendant's age; (3) family circumstances; or (4) other reasons. U.S.S.G. § 1B1.13 cmt. 1 (2021). The Fifth Circuit previously held that those four categories were not binding; they served as a guide to help courts analyze whether they should grant a

---

[1] To the extent Gladney requests the Court grant him relief by ordering he be moved to home confinement, the Court does not have the authority to do so. *Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 741 (5th Cir. 2020). "[R]elease to home confinement is a discretionary decision left to the Attorney General and the BOP" and courts cannot review the failure to release an inmate to home confinement. *Id.*

5

sentence reduction. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

On November 1, 2023, the United States Sentencing Commission amended the Sentencing Guidelines to provide additional instruction concerning compassionate release. For the first time since the First Step Act was passed, the Commission outlined specific reasons that would be considered "extraordinary and compelling" under 18 U.S.C. § 3582(c)(1)(A)(i). The six categories outlined in the sentencing guidelines are: (1) defendant's medical condition; (2) defendant's age; (3) family circumstances; (4) whether defendant has been a victim of abuse during custody; (5) other reasons; and (6) an extraordinarily long sentence. U.S.S.G. § 1B1.13(b).[2]

Gladney alleges that several factors, considered separately or together, constitute extraordinary and compelling circumstances, including: his susceptibility to complications from COVID-19 due to his asthma, disparately long sentence, and rehabilitation. The Court considers each of the three factors in turn.

### A. Susceptibility to COVID-19 Based on Asthma Condition

Prior to the November 1, 2023 Sentencing Guideline amendments, district courts evaluating claims for compassionate release based on COVID-19 were left to engage in a highly fact-intensive, totality of the circumstances analysis. *See, e.g., United States v.*

---

[2] This Court understands that the revised Sentencing Guidelines apply to this motion. *See United States v. Jean*, 108 F.4th 275, 279 n.4 (5th Cir. 2024) (petition for rehearing en banc filed Sept. 18, 2024) ("For motions brought after November 1, 2023, the Sentencing Commission's November 1, 2023 Amendments will provide the starting point."). But regardless of whether the previous or amended Guidelines are applicable, the Court would come to the same conclusion and deny relief. *See infra* n.5.

*Wright*, No. 16-214-04, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020) ("A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant."). But even then, it was clear to district courts that the spread of COVID-19 and the conditions of confinement in jail, alone, were not sufficient grounds to justify a finding of extraordinary and compelling circumstances. *See Thompson*, 984 F.3d at 435 ("Fear of COVID doesn't automatically entitle a prisoner to release."). As the Fifth Circuit explained, district courts had broad discretion in evaluating COVID-19 compassionate release claims, even where a petitioner established a severe health condition that put them at serious risk of complication from COVID-19. *See id.* at 434-35. It also noted that when courts did grant compassionate release based on risk of COVID-19 complications, they "largely [did] so for defendants who had already served the lion's share of their sentences and presented multiple, severe health concerns." *Id.*

In the revised Guidelines effective November 1, 2023, the Sentencing Commission incorporated factors courts considered during the COVID-19 pandemic to assess whether a prisoner presented extraordinary and compelling circumstances. The Guidelines now state that extraordinary and compelling circumstances exist based on the prisoner's medical condition(s) if:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a

result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D).[3]

Gladney is not housed in a correctional facility currently at risk of an infectious disease outbreak and/or ongoing public health emergency. The COVID-19 public health emergency expired in May 2023. Press Release, HHS Secretary Xavier Becerra, Secretary, Dep't Health & Hum. Servs., Statement on End of the COVID-19 Public Health Emergency, (May 11, 2023). There is no evidence to show that the correctional facility where Gladney is housed, USP Terre Haute, has an ongoing outbreak of infectious disease. As of October 9, 2024, there were zero open cases of COVID-19 at USP Terre Haute.[4] While the Court notes Gladney does have asthma, which may pose some risk of complications for COVID-19, that diagnosis itself is insufficient to show that extraordinary and compelling medical circumstances exist such that relief is justified.

### B. Disparate Sentence

The revised Guidelines also provide that, in limited circumstances, a "gross disparity between the sentence being served and the sentence likely to be imposed at

---

[3] The Guidelines also provide for other medical circumstances that may constitute extraordinary and compelling circumstances including a terminal illness, serious physical or medical condition, or condition that requires long-term or specialized medical care— none of which are applicable here. *See* U.S.S.G. § 1B1.13(b)(1).

[4] *See* Inmate COVID-19 Data, BOP, https://www.bop.gov/about/statistics/statistics_ inmate_ covid19.jsp#lastestCovidData. Data provided by the BOP combines statistics for inmates at both FCI Terre Haute and USP Terre Haute, which are housed in the same correctional complex.

the time the motion is filed" may constitute an extraordinary and compelling circumstance. U.S.S.G. § 1B1.13(b)(6). However, the Guidelines do not suggest relief is available for defendants who argue there is a disparity between their sentence and other defendants convicted of crimes of the same type. Gladney does not raise any argument that his sentencing would be different under the law today.

The revised Guidelines permit courts to consider "other reasons" a reduction of sentence might be justified, which must be "similar in gravity" to a defendant's medical condition, age, family circumstances, or abuse. *See* U.S.S.G. § 1B1.13(b)(5). The fact that Gladney's sentence is longer than other defendants convicted of drug-related crimes by other courts is not a reason that this Court considers to be extraordinary nor compelling. The Court sentenced Gladney—within his applicable Guideline range—only after careful consideration of all the facts before it and the 18 U.S.C. § 3553(a) sentencing factors. The sentence imposed was challenged and affirmed on appeal. Record Document 89 at 14. Therefore, the Court does not consider any reasons related to sentencing "disparities" in its analysis of all factors.

### C. Rehabilitation

Rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). But "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for the purposes of compassionate release. U.S.S.G. § 1B1.13(d) (pursuant to 28 U.S.C. § 994(t)); *United States v. Grimaldo*, No. 08-107, 2022 WL 4126106, at *7 (E.D. Tex. Sept. 9, 2022) ("Although [defendant]'s

9

behavior while incarcerated is commendable, it does not constitute an extraordinary and compelling reason for a sentence reduction.")

Gladney submits that he has undergone "extensive rehabilitation" such that he is "no longer a threat to public safety." Record Document 91 at 16. The Court commends Gladney for earning his GED and commends Gladney's family for continuing to support him throughout his incarceration. *See id.* at 5, 20. However, the Court can only consider the limited evidence of such rehabilitation if he alleges other circumstances cognizable under the Sentencing Guidelines.

### D. Reasons Considered Together

None of the reasons Gladney advances, considered individually or collectively, are sufficient to constitute extraordinary and compelling circumstances. Under the current Sentencing Guidelines, the only cognizable circumstance raised by Gladney is his rehabilitation, which this Court is prohibited from considering alone as a reason to justify compassionate release.[5] Therefore, Gladney is not entitled to compassionate release.

---

[5] Under the previous Guidelines, the Court could have considered Gladney's asthma and susceptibility to COVID-19. However, Gladney's facility currently has no active cases of COVID-19 and the COVID-19 public health emergency ended over one year ago. Therefore, under the previously effective Guidelines, the Court would find based on a totality of the circumstances analysis, that Gladney is not entitled to compassionate release.

10

## Conclusion

For the reasons assigned herein, Gladney's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Record Document 91] is hereby **DENIED**.

**THUS DONE AND SIGNED** this 4th day of November, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE